Kathleen I. Novak and appellee, Frankie Novak, were divorced for incompatibility. The court divided jointly-owned real and personal property and denied alimony and attorney fees to the wife. She appeals.
The issue is whether the trial court abused its discretion in the division of property, denial of alimony and attorney fees.
The parties had been married for some 24 years. They had two children which have now attained majority. Each had worked during the marriage. For some two years the marriage had been deteriorating. Though living in the same home connubial conjugality had ceased. In view of the issue on appeal, further reference to the vicissitudes of the marriage would serve no useful purpose.
Appellant-wife recognizes that the awarding of alimony, attorney fees and division of property are all matters within the discretion of the court. Horsley v. Horsley, 50 Ala. App. 445, 280 So.2d 150. The manner in which the court exercises its discretion in these matters must be viewed in light of the evidence in each case in order to determine any abuse. Pettisv. Pettis, Ala.Civ.App., 334 So.2d 913. The evidence in this case disclosed that the parties earned approximately the same salary. The wife earned slightly more in a position with the Federal Civil Service. Her retirement benefits were calculated to be better than those of the husband. She received the piece of real property with the greatest equity value and which produced income of $125 per month. She was given most of the cash assets of the parties.
Viewing the evidence in light of the presumption of correctness which accompanies the judgment of the trial court after oral hearing of the testimony, we cannot find such judgment unsupported by credible evidence nor clearly wrong and unjust. We do not review the exercise of the discretion of the trial court, using as a scale what we might have done had we been sitting as he was.
The request of appellant for a grant of attorney fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 79