HOLMES, Judge.
This is a divorce case.
The wife petitioned the Circuit Court of Lauderdale County for divorce on the grounds of incompatibility. The husband filed a counterclaim alleging that because of mental illness, the wife was not fit to have custody of the parties’ child.
The trial court’s final decree awarded custody of the parties’ child to the husband for nine months of the year with the mother having the child during the three summer months. The wife appeals.
The dispositive issue on appeal is whether the trial court erred to reversal by holding an in camera examination of a witness without giving sufficient notice to the parties of its intent to conduct the proceeding. We hold that it did and reverse.
The record of the proceeding below reveals the following: At the trial, the husband attempted to show that the wife was an unfit person for custody due to severe emotional maladjustments. In his proof, the husband called a Dr. Leslie who testified that the wife in fact had a history of emotional problems which were indicative of a psychosis known as manic depression. During redirect examination of the doctor, the distinguished trial judge exhibited a well founded concern with regard to the wife’s ability to rear the child. After questioning Dr. Leslie, the court declared a recess and asked the attorneys and the doctor to see him in chambers.
After returning to the courtroom, the judge stated that questions had been asked of the witness, in the presence of the court *425 and the attorneys in chambers, and that the attorneys could place any or all of these matters in the record. At this time the wife objected to conducting the proceedings in camera without the benefit of a court reporter and moved for a mistrial. The record further reveals that, in particular, the wife objected to questions propounded of the doctor as to whether the wife was emotionally fit to have custody of the child.
The court overruled the motion. The wife appeals contending that under Anonymous v. Anonymous, Ala., 353 So.2d 515 (1977), the court’s actions were reversible error. In a well reasoned brief, the husband maintains that Anonymous is distinguishable inasmuch as, unlike the instant case, the in camera proceedings in Anonymous were of an ex parte nature and thus were violative of the parties’ due process rights.
Although we are in agreement with the husband’s analysis of the distinguishing features between Anonymous, supra, and the case at bar, for the reasons set forth below, we are of the opinion that the express language in that case, as stated by our supreme court, compels reversal in this instance.
Our supreme court stated that a court may conduct an in camera interview under certain limited conditions. In camera examinations of witnesses are permitted where (1) the judge adequately notifies the parties of his intention to examine the witness and (2) the parties consent to the examination or fail to object to the proceeding after receiving notice that the court intends to conduct such an examination. Anonymous, supra.
Clearly, the notice of which the opinion speaks is notice to the parties of the nature and circumstances of the proposed conference. It is notice upon which the parties may make an informed choice as to whether to agree or timely object to the proceeding.
In the instant case, the record reveals that the learned judge did not provide the wife sufficient notice that the court would undertake an in camera examination of Dr. Leslie. Rather than inform the parties that the court intended to question the witness with respect to the mother’s emotional fitness as that bears on her right to custody of the child, the court stated.
Gentlemen, let’s be in recess for a few minutes and may I see the Doctor and the Attorneys in Chambers.
(At this point there is a conference in Chambers with Dr. Leslie and both Attorneys).
Under the test enunciated in Anonymous, supra, and with all deference to the trial court’s well intentioned effort to reach the truth in this case, it is clear that this statement is not notice of the nature and circumstances upon which a party could have made an informed choice to either assent or object to the proceeding. Put another way, the parties had nothing upon which to base an objection because they had no knowledge of the substance of what was to occur in chambers.
We would further note, as indicated by the record, that the wife objected to the proceedings on the record at the first possible moment, /. e., after court reconvened and the court reporter was present. Therefore, under the circumstances, there was in this instance no timely failure to object.
The wife additionally contends that the trial court abused its discretion in awarding primary custody of the child to the husband. We find no such abuse.
The law of this state provides that the trial court has wide discretion in matters of child custody and this court can only reverse for plain abuse. Sheffield v. Sheffield, Ala.Civ.App., 350 So.2d 1056 (1977). Furthermore, it is inappropriate for this court to substitute its judgment for that of the trial court. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
In the instant case, the record reveals that the wife has a well established history of emotional difficulties which apparently began shortly after the parties’ marriage. She has received professional help from a number of psychiatrists and *426 from aught that appears, the trial court was properly concerned with her mental stability and the attendant emotional wherewithal necessary to properly raise and nurture a child. Thus we cannot say the trial court plainly abused its discretion in its award of custody.
In view of the above, however, this court has no alternative but to reverse.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.