This is an appeal from a judgment rendered after remand of the case from this court in Marr v. Marr, Ala.Civ.App.,371 So.2d 423 (1979).
In the first appeal of this case, we held that the trial court erred to reversal by holding an in camera examination of a witness without giving sufficient notice to the parties of its intent to conduct such a proceeding.
On remand the trial court again awarded the husband primary custody of the child. The court also granted the wife a thirty percent equity in the home of the parties and awarded her alimony in the amount of $250.00 per month for forty-eight months or until her death or remarriage.
As noted in the prior appeal, the law of this state provides that the trial court has wide discretion in matters of child custody and this court can reverse only for plain abuse.Sheffield v. Sheffield, Ala.Civ.App., 350 So.2d 1056 (1977).
In our previous review of this case, we held that in light of the wife's well established history of emotional difficulties, the trial court did not abuse its discretion in the award of custody. On remand the husband produced evidence further detailing the wife's psychiatric problems. The wife offered evidence also that the husband engaged in an adulterous relationship. The husband does not deny this accusation, but points out that he has since married his paramour. The husband also offered evidence that his wife frequently entertained another man into the early morning hours on occasions when the parties' child was present. In light of the foregoing, we cannot say that the trial court plainly abused its discretion in awarding primary custody of the child to the husband.
The second issue raised by this appeal is whether the trial court abused its discretion in the award of alimony and attorney fees, and the property division.
The awarding of alimony, attorney fees, and division of property are all matters within the discretion of the trial court. Novak v. Novak, Ala.Civ.App., 339 So.2d 77 (1976). The manner in which the court exercises its discretion in these matters must be viewed in light of the evidence in each case in order to determine any abuse. Pettis v. Pettis, Ala.Civ.App.,334 So.2d 913 (1976). The evidence in the present case disclosed that the husband was earning approximately $28,000 per year, and that the wife, though just recently employed, was earning $9,000 per year. The wife was awarded thirty percent of the net proceeds from the sale of the house owned by the parties — the court decreed that the house and lot be sold at private or public sale. The house was appraised at $56,500, but was subject to an outstanding mortgage in the amount of approximately $30,000. Although the husband was awarded seventy percent of the net proceeds resulting from the sale of the house, he was required by the trial court to pay more than $6,000 in debts out of his share of the sale proceeds. The trial court also noted in its decree that the husband has already paid *Page 196 
several thousand dollars in debts owed by the parties.
Where a court hears a matter ore tenus, its judgment will be affirmed unless it is shown that the judgment is plainly and palpably in error. Worley v. Jinks, Ala.Civ.App.,361 So.2d 1082, writ quashed, Ala., 361 So.2d 1089 (1978). After carefully considering the evidence before the trial court, which was the evidence taken at the first hearing less the in camera testimony plus the evidence adduced at the second hearing, we conclude that the trial court's award of alimony, property and attorney's fee is sufficiently supported by the evidence, and that its decree is not plainly and palpably erroneous.
The final issue argued by the wife is that the trial judge committed reversible error in failing to recuse himself from the case at bar.
Canon 3C (1) of the Alabama Canons of Judicial Ethics provides in pertinent part:
 A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 (a) He has a personal bias or prejudice concerning a party . . .
Recusal is required where facts are shown which make it reasonable for members of the public, or for party or counsel opposed, to question the impartiality of the judge. Wallace v.Wallace, Ala.Civ.App., 352 So.2d 1376 (1977). However, recusal is not required by mere accusation of bias unsupported by substantial fact. Taylor v. Taylor, Ala.Civ.App., 359 So.2d 395
(1978).
In the case at bar the only fact offered by the wife in support of her motion for recusal is a comment made by the trial judge in a memorandum sent to counsel for both parties prior to the rehearing on remand. In the memorandum the trial judge stated, "It appears that the custody order will remain the same in any event." The wife contends that this statement indicates that the trial judge was predisposed to award custody of the child to the husband. We disagree. When the motion for recusal was denied, the trial judge explained that a custody order is never final and that his statements in the memorandum did not mean that custody of the parties' child could not change. He stated that his comments merely reflected the language of the appellate court, wherein it was stated that there was sufficient evidence in the first trial to sustain the custody decree. He further stated that the parties could present evidence bearing on the issues that was not heard in the previous hearing. He then said that he had no bias or prejudice for or against either party.
We consider the evidence offered by the wife to be insufficient to support the contention that the partiality of the trial judge might be reasonably questioned. The only evidence offered by the wife was the trial judge's statement as to the custody decree. We believe this statement was adequately explained by the trial judge prior to the rehearing. Therefore we hold the trial judge did not act improperly in refusing to recuse himself.
Motion for award of attorney's fee on appeal is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.