This is a divorce case.
The wife appeals, contending the trial judge abused his discretion in the division of property and in the award of periodic alimony.
We affirm all aspects of the learned trial judge's decree with the exception of the two year limitation placed on the periodic alimony award.
This court has carefully perused the rather lengthy record in this appeal. We do not deem it necessary or prudent to set out in detail all the evidence. However, viewing the record with the attendant presumptions accorded the trial court's decree, the following pertinent facts are revealed.
The parties have been married for approximately fifteen years. Both had been married previously. No children were born of the union. The wife is approximately fifty years of age. The husband is in the insurance business. His gross income for the year immediately prior to the divorce was approximately $80,000. The net worth of the husband is over $1,250,000. There is evidence that the husband's net worth was substantially the same when the parties married, to wit, approximately $900,000. The wife has not been substantially employed since the marriage. She has no marketable skills. The wife has had back surgery and suffers with arthritis. A physician testified that in his opinion the wife was not capable of working.
There is ample evidence that the wife has a serious alcohol problem and possible drug problem. There was also some evidence that the husband was somewhat intemperate in his use of alcohol although not to the extent of the wife. There is also evidence that the husband attempted to get the wife to seek help with her alcohol and/or drug problem. The husband was unsuccessful in this effort.
With the above in mind, the trial court divorced the parties, made a division of property, and awarded the wife $1,000 per month periodic alimony for a period of twenty-four months or until the death or remarriage of the wife. In no event was the periodic alimony to exceed twenty-four months. The trial court specifically stated in its decree that the periodic alimony payments were for the purpose of allowing the wife to "readjust her life and become gainfully employed." The trial court further found the wife's conduct materially contributed to the breakdown of the marriage. The wife in the division of property was awarded a 1976 automobile, clothing, jewelry, and certain furniture. The wife received no real estate or income producing personal property.
As we perceive the wife's contention in brief, she contends the trial court abused its discretion in the division of property. The division of property pursuant to a divorce is a matter within the sound discretion of the trial court and will not be disturbed on *Page 299 
appeal except upon a showing of plain and palpable abuse. Rayv. Ray, Ala.Civ.App., 379 So.2d 627 (1980); 8 Ala. DigestDivorce Key 286 (5).
With the facts as set out above in mind, with particular emphasis on the wife's alcohol and/or drug problem and the fact the husband's accumulation of wealth was in large measure accomplished prior to the marriage, we cannot say the trial court abused its discretion in the division of property. The division of property is affirmed.
As indicated above, the trial court limited the award of periodic alimony for a period not to exceed twenty-four months. The wife contends this is error and we agree.
An award of periodic alimony is a matter within the judicial discretion of the trial court. An exercise of that discretion will not be reversed except for palpable abuse. White v. White, Ala.Civ.App., 374 So.2d 335, writ denied, 374 So.2d 337 (1979); 8 Ala. Digest Divorce Keys 286 (2), (3), and (5).
While there are no fixed standards for determining whether periodic alimony is to be granted, there are factors the trial court should consider. These include the future prospects of the parties, their ages, sex, health, station in life, and how long they were married. Kabaci v. Kabaci, Ala. Civ.App.,373 So.2d 1144 (1979); Shirley v. Shirley, Ala.Civ.App.,350 So.2d 1041, writ quashed, 350 So.2d 1045 (1977); White v. White, supra. These same factors should also be considered in determining the amount and duration of the award.
As indicated, the wife has virtually no separate estate. She has virtually no employment record. She is in ill health. She has been married to a millionaire for approximately fifteen years.
This court is fully cognizant of what the learned trial judge was attempting to accomplish. That is that the wife should rehabilitate herself. However, considering the husband's earning capacity and his wealth, the uncertainty of the wife's future prospects, and her alcohol or drug problem, we find the trial judge did abuse his discretion in limiting the award of periodic alimony to two years.
As indicated, we reverse the trial court's decree only insofar as it relates to the limiting aspect of the award of periodic alimony. We would note that periodic alimony is, of course, under appropriate circumstances, subject to modification.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is awarded.
The case is due to be affirmed in part, reversed in part, and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.