This is a divorce case.
The parties to this proceeding were divorced by the Circuit Court of Mobile County for incompatibility of temperament. In its decree the trial court divided the personal property of the parties, including cash in savings accounts, on a basis of about sixty percent for the wife and forty percent for the husband, awarded the wife the possession of the jointly owned homeplace for the rest of her life, and gave her $50 per month as periodic alimony until such time as she begins to draw her Social Security benefits. She is also to receive twenty-five percent of the husband's net take-home pay if and when he becomes gainfully employed and she is to receive twenty-five percent of any royalties or commissions he may receive from Zippo Manufacturing Company.
The facts gleaned from the record are as follows: The parties were married in 1947. They have three grown children. At the time of trial Mr. Rose was sixty-nine years old and Mrs. Rose was sixty-one years old. Neither party was in the best of health. Mrs. Rose has not been employed except in the Stanley-Rose Company, the family business.
Stanley-Rose was founded by Mr. Rose and a partner in 1954. Eventually Mr. Rose became the sole owner. The business is involved in selling advertising specialties, political campaign material, imprinted pens, calendars, and the like. The business itself made approximately $764.00 for the year 1978-79.
Over the years the parties have accumulated cash, stocks, real estate, and jewelry, all of which was valued at approximately $145,000 to $150,000.
Mr. Rose testified that his income consisted solely of his Social Security, which was $431.00 per month, and a Veterans Administration disability benefit of $88.00 per month from which $80.00 is deducted by the government to repay a loan. Thus, Mr. Rose's total income was approximately $440.00 per month. He further testified that he was retired. Averaging the past four years, the federal income tax forms show Mr. and Mrs. Rose's income to be $7,400.00. Over half of this money is composed of interest income from bank accounts.
The principal issue on appeal concerns the periodic alimony awarded to the wife. She contends the amount is inadequate.
Awards of periodic alimony in a divorce case are within the sound discretion of the trial court and will not be reversed unless there is a clear and palpable abuse of that discretion. Furthermore, there are no *Page 1040 
fixed standards for determining the amount of alimony and as a consequence each case must be decided on its own facts and circumstances. Stewart v. Stewart, Ala.Civ.App., 341 So.2d 490
(1977).
The evidence shows that Mr. Rose is near seventy years of age and ready to retire. He testified that the bulk of his income is from Social Security benefits of about $440.00 per month. Based on this evidence it is quite apparent that Mr. Rose is limited in the amount of alimony he can pay and we believe that the trial court took that into consideration in setting the amount of periodic alimony. To do so is not improper. Malkovev. Malkove, Ala.Civ.App., 349 So.2d 52 (1977).
The trial court went further, however, and decreed that Mrs. Rose was to receive twenty-five percent of any commissions or royalties received by Mr. Rose from the Zippo Manufacturing Company and she was also to receive twenty-five percent of his net take-home pay should Mr. Rose become gainfully employed.
We believe it reasonable to conclude that the trial court considered Mr. Rose to be retired but we believe also that the trial court wanted to make sure that Mr. Rose would share his earnings with his former wife should he again become gainfully employed.
The wife contends that the decree's provisions relating to possible income from Zippo Manufacturing Company and gainful employment are uncertain and indefinite and will be difficult to enforce.
We do not agree that the provisions are uncertain and indefinite but we do concede that these provisions may be a little more difficult to enforce than the provision relating to the payment of $50.00 a month to Mrs. Rose. However the mere possibility that these provisions may be more difficult to enforce does not require that the decree be reversed.
Finally, Mrs. Rose argues that the decree is unclear as to which party is responsible for the payment of the taxes and insurance on the homeplace and to keep it in good repair.
It is true that the decree did not speak to this issue, but the property was jointly owned and Mrs. Rose was given possession of the property until her death. We conclude that the trial court intended to leave the parties where he found them except that the wife was to have possession. This means that the parties, being the owners of the property, will have to decide how these problems will be solved. We find no error with this aspect of the decree.
Both parties have requested attorney's fees for this appeal. Such requests are denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.