This is a divorce case.
The trial court divorced the parties, made a division of the martial assets, awarded alimony in gross and periodic alimony to the wife, and awarded custody of the parties' minor child to the husband.
The wife appeals, contending through able and distinguished counsel that the trial court abused its discretion in awarding custody of the child to the husband. She also contends that the court abused its discretion in its award of alimony in gross or division *Page 719 
of property and in the amount of periodic alimony. We find no abuse of discretion and affirm.
Viewing the record with the attendant presumptions accorded the trial court's decree, the following is revealed: The parties were married for approximately five years. They have one child, a daughter, who was twenty months old at the time of trial.
The husband is approximately forty years old. He is a cardiologist. He was born and raised in Egypt. When he was twenty-four he went to England to further his education. He moved to the United States in 1969 and was naturalized in 1978.
The wife is approximately twenty-eight years old. She was born and raised in Alabama. Before she married, she was employed as an x-ray technician. However, she did not work outside the home during the marriage.
After the parties married, the husband agreed to send the wife to college to work toward becoming a doctor. The wife took courses intermittently until about the time she became pregnant. The wife did not return to school after the baby was born in November of 1978.
In February of 1979, the wife took an excessive number of pills in an attempt to kill herself. When the husband was made aware of the wife's attempt, he took the bottle of pills from her and threw it away.
The husband stayed up with the wife all night, monitoring her condition. The next morning he called the wife's mother and asked her to come stay with the wife while he went to the office.
The wife's mother agreed to come. The wife's sister and her two small children also came. Sometime after they arrived, the wife took a gun and shot herself in the chest.
The wife was taken to the hospital where she underwent surgery for six to seven hours. She was in intensive care for nine days, during which time the husband stayed with her constantly. She was in the hospital for a total of ten weeks.
The evidence shows that the wife had contemplated suicide before she met and married the husband. When she was twenty-one and again when she was twenty-three, the wife considered killing herself. Both times she went so far as to write suicide notes. The wife neither told her family about her difficulties, nor did she seek professional care. She also failed to inform her husband of her previous bouts with depression.
After the shooting incident, and while she was hospitalized, the wife began to receive treatment from Dr. Miree, a psychiatrist. She saw Dr. Miree until July of 1979, at which time she became angry at him and refused to see him again. Dr. Miree expressed great concern at the wife's refusal to continue psychiatric treatment under any doctor. The wife was not under the care of any psychiatrist until she began seeing Dr. Miree again in December of 1979.
After the husband filed for divorce, the wife began to see another psychiatrist, a Dr. Linton. Dr. Linton knew that the wife was being treated simultaneously by Dr. Miree. On advice of counsel, the wife did not inform Dr. Miree that she was also being treated by Dr. Linton.
At the time of trial, the value of the marital assets over liabilities was about $80,000. The husband's net after tax income was approximately $50,000.
The trial court awarded the wife $850 per month for two years as periodic alimony. He awarded her $15,000 as alimony in gross or division of property. In addition, the wife was allowed to keep a 1977 Lincoln automobile and ninety-six shares of stock in Brookwood Hospital, as well as certain furniture and a car which she brought into the marriage. The wife also was awarded an attorney's fee.
 I
The primary issue raised by the wife on appeal is whether the trial court abused its discretion in awarding custody of the child to the husband. *Page 720 
As stated above, the wife has made a serious attempt to commit suicide by shooting herself in the chest. The night before she shot herself, she took an overdose of pills. The wife admitted that these were not the first thoughts she had had about suicide; in fact, she had considered it twice before, when she wrote suicide notes and threw them away.
It is clear, from the evidence, that to all concerned a most troubling aspect about the wife's emotional difficulties is that she appears to be adept at hiding them from those close to her. The wife's husband and family knew nothing about her previous suicidal thoughts until she was hospitalized. And they didn't know she was depressed until she took the pills. Both of her psychiatrists testified that it would be dangerous for the wife to continue to conceal her depression from her family and friends.
Dr. Miree stated that long term treatment is imperative for the wife because of the chronicity of her depression. Dr. Linton agreed that continued treatment would be necessary.
There was no evidence produced at trial that the husband is unqualified to raise the child. In fact, the wife testified that he is a loving and attentive father. He has found an older lady who is willing to live in the home and care for the child. This same lady took care of the child while the wife was hospitalized and ill.
The wife argues in brief that unless there is clear and sufficient evidence that the mother is unfit, custody of a child of tender years, especially a female child of tender years, should be granted to the mother. We disagree with this contention, as the "tender years" doctrine is no longer a controlling factor in the determination of custody.[1]
The supreme concern in a child custody dispute is the best interest of the child. Ashley v. Ashley, Ala.Civ.App.,383 So.2d 861 (1980). Although the sex and age of the child are matters to be considered in determining the best interest of the child, the weight to be given such facts in each case is for the discretion of the trial judge. Jenkins v. Jenkins, Ala.Civ.App., 376 So.2d 1099, cert. denied, Ala.,376 So.2d 1101 (1979).
Another factor to be considered is the emotional and mental health of the mother. See, Quinn v. Quinn, Ala.Civ.App.,351 So.2d 925 (1977). It is not an abuse of discretion to award custody of a child to the husband where the wife has a well-established history of emotional difficulties. Marr v.Marr, Ala.Civ.App., 383 So.2d 194 (1980).
The wife in this case suffers from chronic depression. Although she appeared to be doing well at the time of trial below, her ability to mask her depression is clearly a cause for concern. In any case, long term psychiatric treatment will be necessary for her.
Under the circumstances, as indicated, the trial court did not abuse its discretion in awarding custody of the child to the husband. In fact, it appears to this court the trial court made the only appropriate decision it could have made.
 II
The wife also contends that the trial court erred in its award of alimony in gross or division of property.
The awarding of alimony and the division of property are matters within the discretion of the trial court and a judgment will not be reversed unless it is plainly and palpably wrong.Novak v. Novak, Ala.Civ.App., 339 So.2d 77 (1976).
An award of alimony in gross or property division must depend on the facts *Page 721 
in each case; no mathematical formula can determine what is an appropriate award. Goodman v. Goodman, Ala.Civ.App.,366 So.2d 281 (1979). The factors to be considered are: the length of marriage; the source of their common property; the parties' ages, sex and health; the parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard after the divorce; and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Goodwin v.Goodwin, Ala.Civ.App., 364 So.2d 678 (1978).
As stated above, the parties were only married for about five years. The wife entered the marriage with no material wealth; in fact, she only owned a small amount of furniture when she married. She also had a car, but owed approximately $3,600 on it.
The wife quit working when she married and the husband provided a living for the parties. Although the wife alleges that the husband ignored her sexually and socially toward the end of the marriage, there is no evidence of marital misconduct on his part.
The wife is still a young woman. She was employed as an x-ray technician before her marriage. She was able to further her education by taking college courses during the marriage. She may very well be capable of rejoining the work force and becoming a productive member of society once more.
The wife in this case was awarded $15,000 as alimony in gross on division of property. She also received a 1977 Lincoln automobile and ninety-six shares of Brookwood Hospital stock. In addition, she was allowed to keep the furniture and car which she brought into the marriage.
The value of the marital assets over liabilities at the time of trial was approximately $80,000. The $15,000 award received by the wife is equal to almost twenty percent of the $80,000 net marital assets. With that in mind, along with the length of the marriage and wife's age and education, we find no abuse of discretion with regard to the award of alimony in gross or division of property.
 III
The last issue raised on appeal by the wife is whether the trial court abused its discretion in its award of periodic alimony.
There is no fixed standard for determining the proper amount of periodic alimony. Malkove v. Malkove, Ala.Civ.App.,349 So.2d 52 (1977). Future prospects of the parties, their ages, sex, health, and station in life are appropriate factors in determining the amount of periodic alimony. Malkove, supra.
As indicated above, the wife in this case is young. She has a good education and has training and experience as an x-ray technician. Her future prospects could very well be bright.
The husband is forty years old. Although he is a doctor and makes a good salary, he is financially responsible for raising a young daughter.
The wife was awarded $850 per month for two years as periodic alimony. With the above facts in mind and with emphasis on the age, training and education of the wife, we find no abuse of discretion in the periodic alimony award.
However, as indicated, the wife has suffered from serious emotional difficulties. Her illness may greatly affect her future prospects. In fact, it may under appropriate circumstances become necessary to increase and/or extend the periodic alimony payments past the two-year limitation ordered by the trial court. See, Wikle v. Wikle, Ala.Civ.App.,390 So.2d 297 (1980). Although we do not find it necessary to reverse on this ground, we would note that the $850 per month periodic alimony award is subject to modification under appropriate circumstances and upon proper proceedings in the trial court. *Page 722 
This cause is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that on March 27, 1981, the Alabama Supreme Court inDevine v. Devine, 398 So.2d 686, stated the "tender years presumption represents an unconstitutional gender-based classification. . . ." As we understand the supreme court's opinion in Devine, the criterion in child custody cases is still the "best interest" of the child. Furthermore, considering the factors as indicated by the supreme court inDevine, the trial court in the instant case was eminently correct in awarding custody of the child to the husband.