This is a divorce case.
The trial court divorced the parties, awarded custody of the parties' two minor children to the wife, ordered the husband to pay child support and periodic alimony, and ordered a division of property. The wife appeals and we affirm in part and reverse in part.
The dispositive issue is whether the trial court abused its discretion in limiting the award of periodic alimony to one year.
The record, reviewed with the attendant presumptions, reveals the following:
The parties were married for approximately twenty-four years. Four children were born of the union. Of these four children two sons, ages eighteen and eleven, were minors at the time of trial. As indicated above, the wife was awarded custody of the two minor children and the husband was ordered to pay child support in the amount of $250 a month per child.
The husband is fifty years old and is a practicing physician specializing in obstetrics and gynecology. In 1979 his net income from his medical practice was approximately $45,500. In addition, the husband has an apparent separate estate valued at approximately $160,000.
The wife is forty-four years old. She has been trained as a registered nurse and, while she worked in that capacity during the early years of the marriage, she has not worked for nineteen years. She is not currently licensed as a registered nurse and there is evidence indicating that she would have to receive additional education and training before she could return to work. In addition, the wife has an apparent separate estate valued at approximately $34,000.
The trial court in dividing the property awarded each party his or her separate estate. The wife was additionally awarded the homeplace valued at $125,000, household furnishings, two automobiles, and other property valued at approximately $5,400.
The trial court also ordered the husband to pay the wife $1,000 a month for twelve months as alimony.
As stated above, the dispositive issue is whether the trial court abused its discretion in limiting the award of alimony to one year. The wife through counsel contends the award was inadequate. We agree. We specifically note the wife makes no complaint regarding the division of property.
At the outset, we find the award of alimony in this case to be periodic alimony. Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974).
An award of periodic alimony is a matter within the judicial discretion of the trial court. An exercise of that discretion will not be reversed except for palpable abuse. White v. White, Ala.Civ.App., 374 So.2d 335, writ denied, 374 So.2d 337 (1979); 8 Ala. Digest, Divorce Keys 286 (2), (3), and (5).
While there are no fixed standards for determining whether periodic alimony is to be granted, there are factors the trial court should consider. These include the future prospects of the parties, their ages, sex, health, station in life, the length of the marriage, and, where appropriate, the fault of the parties in causing the breakdown of the marriage. Kabaci v.Kabaci, Ala.Civ.App., 373 So.2d 1144 (1979); White v. White,supra; Gamble v. Gamble, 53 Ala. App. 168, 298 So.2d 254, cert.denied, *Page 714 292 Ala. 721, 298 So.2d 260 (1974). These same factors should also be considered in determining the amount and duration of the award. Wikle v. Wikle, Ala.Civ.App., 390 So.2d 297 (1980).
As indicated, the wife has a relatively small separate estate. She has not worked in nineteen years and additional education and training may be necessary before she can become licensed and obtain employment as a registered nurse. She has been married for approximately twenty-four years.
This court is fully cognizant of what the learned trial judge was attempting to accomplish. That is that the wife should secure employment as a registered nurse. However, considering the husband's earning capacity, the length of the marriage, the wife's custody of the children, and the possibility that the wife may have to receive additional education and training before she can be licensed and employed, we find the trial judge did abuse his discretion in limiting the award of periodic alimony to one year. Wikle v. Wikle, supra. We further find that, under the circumstances of this case, an award of $1,000 a month for forty-eight months is appropriate. This should provide the wife ample time to secure whatever training and education is necessary in order for her to reenter the work force.
Of particular interest in support of the above, see Robertsv. Roberts, Ala.Civ.App., 357 So.2d 150 (1977), writ quashed,357 So.2d 154 (1978).
We are aware that there is testimony regarding the wife's conduct with a third party. However, there is also ample evidence regarding the husband's activities with a third person. The parties' activities as relating to fault does not supplant or change what we said above regarding the award of periodic alimony. When the parties are equally at fault in contributing to the failure of the marriage the element of fault should be disregarded, even with respect to consideration of division of property and award of alimony. Dees v. Dees, Ala.Civ.App., 390 So.2d 1060 (1980).
We would also note that periodic alimony is, of course, subject to modification under appropriate circumstances.
In addition to the above, the wife contends the trial court erred in improperly restricting the cross-examination of the husband.
The scope and extent of cross-examination is a matter reserved for the sound discretion of the trial court and the exercise of that discretion is not reviewable absent gross abuse. Clevenger v. State, Ala.Civ.App., 369 So.2d 563 (1979); 2A Ala. Digest, Appeal Error Key 971 (3).
The record reveals that the questions prohibited by the trial court either sought to elicit testimony on facts already established by the admissions of the husband during prior cross-examination or sought to elicit irrelevant testimony on the husband's spending habits. The trial court could properly have found the questions to be either repetitive or directed to irrelevant matters. We find no abuse of discretion.
Finally, the wife contends the trial court erred in its award of attorney's fees. Specifically, the trial court awarded a $10,000 fee; however, the court stated that the husband was to pay $7,500 and that the wife was to pay $2,500. The wife argues the award was error.
The amount of attorney's fee to be awarded always rests in the sound discretion of the trial court, and the trial court's judgment as to the amount of the attorney's fee will not be reversed in the absence of clear evidence of abuse. Burgess v.Burgess, 54 Ala. App. 396, 309 So.2d 107 (1974), writ denied,293 Ala. 748, 309 So.2d 111 (1975); 2A Ala. Digest, Appeal Error Key 984 (5). We find no error in the award as stated. The trial court simply found the husband was obligated to pay a $7,500 attorney's fee.
In the instant case we find no such abuse in the award.
As indicated above, we reverse the trial court's decree only insofar as it relates to the one year limitation on the award of periodic alimony. *Page 715 
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is awarded.
The case is due to be affirmed in part, reversed in part, and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.