BRADLEY, Judge.
This is a child custody case.
The parties were married in 1960. The husband attended various universities in the early years of the marriage and finally obtained a PhD in Old Testament in 1970. He is presently a camp director for a Christian education group in Birmingham. The wife has a master’s degree in education and is presently employed as a school counselor in the Birmingham school system. Two children were born as a result of this marriage, a girl now age thirteen and another girl now eleven.
The wife filed for divorce on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage in June 1980. The husband answered by denying the allegations of the complaint. Various motions were filed prior to trial, one of which was a motion to require the parties and the children to submit to a mental examination. This motion was granted. After a hearing in September 1980 the trial court entered a final judgment divorcing the parties and awarding custody of the two daughters to the father with stated visitation rights in the mother.
The wife’s October 1980 motion for new trial was denied and she appeals to this court.
The issue on appeal is whether the trial court abused its discretion in awarding custody of the parties’ two minor children to the father.
It is to be noted that the trial court has wide discretion in ehild custody matters and its judgment will not be reversed except for a plain and palpable abuse of that discretion. Marr v. Marr, Ala.Civ.App., 383 So.2d 194 (1980).
The facts gleaned from the record in the present case show that both parents are employed and that Louise, the older child, is living with her father and Elizabeth, the younger child, is living with her mother.
The father testified that he has a good relationship with his daughters and wanted to be their custodian. He said that he spends as much time with them as his job will permit. The mother also said that she had a good relationship with the children and wanted to be their custodian. She did concede, however, that she had a better relationship with Elizabeth than with Louise. Mrs. Randolph and Elizabeth are presently in a counseling program.
The court-appointed psychiatrist, Dr. Harper, who had previously treated Mrs. Randolph, stated that Mrs. Randolph was diagnosed as having a depressive neurosis in November 1977. Mrs. Randolph was hospitalized and was then seen by Dr. Harper for several months after being released from the hospital.
Dr. Harper next saw Mrs. Randolph in September 1980 along with the two girls and Dr. Randolph as a result of the court order.
Dr. Harper testified that she found no mental illness in Mrs. Randolph but did find her angry and frustrated; Dr. Randolph had no mental problems; Louise did not have a problem; however Elizabeth did have problems. Elizabeth’s trouble seems to relate to the conflict she has with Louise and to the close relationship she has with her mother. Dr. Harper did not believe that the children should be separated. She did suggest, however, that both girls needed counseling regardless of which parent received custody.
Dr. Harper said both parents are fit custodians but did say that if Mrs. Randolph received custody of the children she should receive counseling for her anger.
Based on a thorough analysis of the above recited evidence we are unable to say that the trial court abused its discretion in awarding custody of the two minor children to the father . Its judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.