HOLMES, Judge.
This is a divorce case. The wife appeals, contending the trial court erred to reversal in the division of property. We find no error requiring reversal and affirm.
The parties were divorced after six years of marriage. Both had been married previously. No children were born of the marriage, although the husband had three children and the wife had one child from their prior marriages. The wife, at the time of the marriage, owned a car valued at $800 and furniture worth approximately $6,000. She did not work outside the home during the marriage.
The husband owned several pieces of commercial real estate and was part owner of a construction company. At the time of this marriage, the husband owned a house worth $195,000 which he had shared with his first wife. Pursuant to the decree rendered in his first divorce, the husband received all right and title to the house and, as required by the decree, he purchased another home for his first wife. Subsequently, the former wife left the newly purchased home and moved into a condominium. The husband sold the house he had bought for her after their divorce without paying her up to $10,000 of the proceeds from such sale as required by the first divorce decree.
After entering into the instant marriage, the husband and wife lived for a short while in the original house owned by the husband. Thereafter, they sold that home and, with some of the proceeds, built a new house. Title to the new house was in the husband’s name. The wife helped design the new house, but made no financial contribution.
After a series of disputes, the parties separated and each commenced an action for divorce. Evidence indicates there was fault on both the husband and the wife causing the breakdown of the marriage. After a trial on the merits, a divorce decree was issued on the grounds of incompatibility and irretrievable breakdown.
The wife was awarded all personal property she brought into the marriage, a Cadillac, one-half the furniture acquired during the marriage, all jewelry purchased by or given to her, and one-half of all other personalty not mentioned in the decree. She was awarded periodic alimony in the sum of $700 per month for thirty-six months; thereafter, she would receive $800 per month until January, 1989. The decree further ordered the house built during the marriage to be sold within nine months and gave the wife the right to occupy the house in the interim. From the proceeds of the sale of the house, the husband’s first wife was to receive $95,000.[1] The present wife would receive one-half of the remainder or $15,000, whichever is greater.
The wife, through able counsel, contends the trial court erred in ordering $95,000 from the sale of the residence be paid to a former spouse who is not a party to the divorce proceeding. If the trial court had excluded the former spouse in determining the distribution of the property, the wife argues she would have been compensated for her substantial dower and homestead interests in the house by way of an equitable distribution of the proceeds.
A trial court’s decision on the division of property will not be set aside or reversed unless it is determined to be an arbitrary and unjust settlement beyond the bounds of the judge’s wide discretion. Cox *118 v. Cox, 395 So.2d 1027 (Ala.Civ.App.1981). Factors which the court may properly consider in determining the most equitable division of property are the length of the marriage; source of the property; age, sex, and health of the parties; the standard of living during the marriage and each person’s ability to maintain that standard after divorce; and, in certain cases, the fault of the parties. Nolen v. Nolen, 398 So.2d 712 (Ala.Civ. App. 1981).
In this instance, after six years of marriage, the wife is 40 and the husband is 48. She is in good health, and he is in fairly poor health. All property, with the exception of the wife’s car and furniture, was paid for by the husband. The wife is trained as a secretary and statistician and is willing to work. Furthermore, there is some evidence that the wife contributed in large measure to the breakdown of the marriage. In any event, at best from the wife’s standpoint both parties could well have been found to have contributed to the breakdown of the marriage. Therefore, fault need not necessarily be considered. Nolen v. Nolen, supra.
The court need not award property equally, but is empowered to make the most equitable distribution of the property. Miller v. Miller, 361 So.2d 577 (Ala.Civ.App. 1978). Each case must be examined in light of its particular circumstances to determine what constitutes a fair and equitable settlement. Rose v. Rose, 395 So.2d 1038 (Ala. Civ.App.1981). Since the wife is capable of finding good employment, the marriage was of reasonably short duration, she will receive periodic alimony, and a substantial amount of personalty, the trial court did not abuse its discretion in the award to the wife.
The wife, as indicated, presents in an excellent brief several cogent reasons why the trial court’s action in awarding property to the former spouse, not a party to the divorce, is reversible error.
This court specifically does not condone the trial court’s action in awarding property to a former spouse who is not a party to the divorce. Further, we should not be understood as finding that the trial court’s action was proper. What we do find is that in view of the adequacy of the award to the wife, she cannot predicate error in the trial court’s action.
Put another way, the trial court acted within its discretion when determining the distribution of the property between the husband and wife. Therefore, the action in awarding property to a prior spouse, even if such action be error, did not, in this instance, inure to the benefit of the wife.
In view of the above, any error committed by the trial court is harmless error as it relates to the wife. Rule 45, A.R.A.P.
In light of the foregoing facts, the wife’s request for attorney’s fees is denied.
In view of the above, this cause is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. While it is not apparent from the record, it appears that the trial court took this action because of the husband’s failure to fully comply with the previous decree of divorce.