PER CURIAM.
This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties, made a property division, awarded custody of the parties’ minor child to the wife and awarded alimony in gross to the wife and required the husband to pay child support.
The husband appeals, contending through able counsel that the trial court abused its discretion in ordering him to make payments totaling $750 per month for the support of his wife and child. The husband also contends that the trial court abused its discretion in the distribution of real and personal property. Finding no merit in either of these contentions, this court affirms.
The record reveals the following: The parties’ divorce of November 30,1981 ended a marriage of seventeen years duration. One child was bom of this union. At the time of trial he was sixteen years old.
The November 30 divorce decree awarded custody of the child to the wife and required the husband to pay $1,000 per month for the support and maintenance of his wife and child. Additionally, the husband was to maintain, with the son as beneficiary, all existing life and hospitalization insurance. The parties’ home and most of the personalty and utensils therein were awarded to the wife. Each party was allowed to retain the automobile customarily driven by them. Finally, the parties were allowed to retain the savings accounts in the names of the respective parties and any joint account was to be equally divided.
On December 2, 1981, the husband filed a motion to alter, amend or vacate the November 30 judgment. On December 16, 1981, the trial court entered an order partially amending the November 30 decree. As amended the decree required the hus *1113 band to pay $500 per month as child support until the minor child became emancipated. Furthermore, the husband was to pay the wife the sum of $8,500 as alimony in gross. This sum was to be paid in thirty-four monthly installments of $250 each. The amended decree also made the wife liable for the home mortgage. Finally, the original decree was amended to give the husband sole and exclusive interest in a business known as A & B Auto Parts. Along with the business, the husband was awarded a certificate of deposit in the approximate amount of $32,000 which was pledged against loans to the business. All provisions of the November 30 decree that were not altered as above remained in full effect.
At the outset we note that the award and amount of alimony and child support and the division of property are matters within the sound discretion of the trial court. Makar v. Makar, 398 So.2d 717 (Ala.Civ.App.1981); Armstrong v. Armstrong, 391 So.2d 124 (Ala.Civ.App.1980); Novak v. Novak, 339 So.2d 77 (Ala.Civ.App.1976). The trial court’s judgment will not be reversed absent plain and palpable abuse of discretion. Makar v. Makar, supra. In awarding alimony in gross or making a division of property the trial court’s discretion is to be guided by the length of the marriage; the source of their common property; the parties’ ages, sex and health; the parties’ future prospects; the parties’ standard of living during the marriage and their potential for maintaining or exceeding that standard after the divorce; and, in appropriate cases, the conduct of the parties. Makar v. Makar, supra. In awarding child support the trial court is to be guided by the needs of the child and the parent’s financial ability to satisfy those needs. Tubb v. Middlebrooks, 379 So.2d 1272 (Ala.Civ.App.1979), cert. denied, 379 So.2d 1274 (Ala.1980).
Applying the foregoing standards to the facts of this case, we can find no abuse of discretion in the trial court’s award of child support and alimony in gross or the trial court’s division of property.
We will first consider the award of alimony in gross and the division of property.
As stated above, the parties had been married seventeen years. Though the wife brought very few assets into the marriage, because the husband’s former job required him to travel, she had maintained the home for the majority of the marriage. The parties involved in this action are apparently middle aged with no major health problems. The wife has been trained as a hair stylist but has not been employed in that field for the last eighteen years. At the time of the trial the wife was employed by her brother and was grossing $91 a week. On the other hand, the husband, for a majority of the marriage, was a very successful salesman for an automotive company and was well able to provide his family with a comfortable living. Since 1980 the husband has had his own auto parts business. Though the business lost money its first year of operation, by the second year it had begun to make a profit.
The wife, as indicated, was awarded the following: $8,500 as alimony in gross; the home and surrounding property worth approximately $94,000 and encumbered to the extent of $51,000 or $52,000; the majority of the home furnishings and utensils; a Lincoln Town Car that had been given to her by her brother; and a small savings account. In light of the length of the marriage, the wife’s age and limited vocational opportunities, and the standard of living to which she was accustomed, this court cannot hold that the trial court abused its discretion in the award of alimony in gross and the division of property.
Likewise, in light of the needs of a sixteen year old boy, we cannot hold that a child support award of $500 per month is an abuse of discretion.
Regarding the child support and alimony in gross, the husband contends that he does not have sufficient income to pay the $750 per month required of him by the foregoing awards. This court, however, is not persuaded that that is the case. The husband’s sole source of income is the auto parts business. Though the business lost money its *1114 first year of operation, during the first six months of 1981 the husband made a profit of $8,288. Based upon this figure the husband’s accountant projected that the husband’s gross income for the entire year of 1981 would be $16,577. This amount does not include the $200 per month that the husband receives through the sale of nuts and bolts and junk batteries. Additionally, the business pays for the gasoline used in the husband’s truck and for his hospitalization insurance.
The husband maintains, however, that due to economic conditions his business did not do as well the latter part of 1981 so his income would not be as great as the accountant projected. The record establishes, however, that the husband had previously been very successful as a salesman in an automotive business. This success would indicate that the husband has the knowledge and ability that would make the ultimate success of his business likely. This court has previously held that the ability to earn, as opposed to actual earnings, is a proper factor in determining the amount of child support to be awarded. Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App.1979), cert. denied, 378 So.2d 1118 (Ala.1980). This would also be a proper consideration where, as here, the alimony in gross is to be paid in installments.
Due to the ore tenus hearing, this case came to this court clothed with a presumption of correctness. E.g., Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App.1980). After carefully considering the record, we conclude that the husband has been unable to overcome that presumption.
The wife requests an attorney’s fee for representation on appeal. An attorney’s fee of $350 is awarded for that purpose.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.