HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing the trial court divorced the parties and awarded the wife periodic alimony in the amount of $300 per month.
The husband through able counsel appeals. The dispositive issue on appeal is whether the trial court so abused its discretion in the award of periodic alimony as to require reversal. The husband also contends the trial court erred regarding certain evidentiary matters. We find no error requiring reversal and affirm.
Viewing the record with the attendant presumptions the following is pertinently revealed:
The parties were married in 1979. Their marriage has been somewhat stormy.
The wife had, prior to the divorce, worked as a waitress and as a retail sales person. The wife is twenty-seven years old.
The husband is fifty-five years old and from various sources at this time has an income of over $1,000 per month.
On May 23, 1981, the husband shot the wife. There is evidence that as a result of the gunshot wound in the back the wife cannot now perform meaningful employment.
The cases are legion which hold that the award of periodic alimony is a subject which falls within the sound judicial discretion of the trial court and the trial court’s decision thereon will not be disturbed on appeal except where such discretion was plainly and palpably abused. See generally Marr v. Marr, 383 So.2d 194 (Ala.Civ.App. 1980); Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974).
In view of the facts as indicated above, particularly the husband’s shooting of the wife, resulting in her inability to work, we find the award of $300 per month periodic alimony not to be such an abuse of discretion as to require reversal. We say this even though the marriage is of short duration and the husband’s income is limited.
Additionally, the husband contends the trial court erred to reversal in overruling the husband’s objection to evidence of the husband’s “character and reputation.”
Conceding without so finding that the trial court erred in allowing such testimony, such does not require reversal.
As indicated above, there is ample competent evidence to support the trial court’s action in the award of alimony and in the granting of the divorce. Hence, any error is error without injury. See Rule 45, A.R. A.P.
The wife’s attorney has requested a fee for representation on appeal. A fee of $350 is awarded.
In view of the above, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.