43 So.2d 815

**LINGO v. CREWS.**

**4 Div. 569.**

Supreme Court of Alabama.

Jan. 19, 1950.

P. S. Lewis and C. R. Lewis, Dothan, for appellant.

G. D. Halstead, Headland, for appellee.

FOSTER, Justice.

This is a suit filed by Amy Lingo as the mother of Harold T. Bryson, deceased. The purpose is to obtain compensation under the Workmen's Compensation Law of Alabama, Title 26, section 262 et seq.

Harold T. Bryson was a minor about sixteen years of age and, on April 28, 1948, was employed by appellee who operated a small fleet of trucks. On that day he received an injury to his hand from which

tetanus developed and which was the cause of his death.

The question which was litigated in the case was whether or not the defendant was under the Workmen's Compensation Law. Specifically whether or not under the terms of section 263, Title 26, as amended, the employer regularly employed less than eight employees in his business. The testimony showed that this employer had three trucks which were regularly used by him and one standby truck which was used in cases of emergency; that he did not need but one man to each truck except occasionally when it was necessary to employ some one to assist the operator of the truck. Such employment was irregular and not regularly recurring in accordance with any planned schedule, but sometimes, at irregular intervals, he did use eight or nine men at a time.

Upon that subject and upon the evidence, the court found as follows:

"These answers also disclose that the deceased worked with defendant eight days in January, 1948, none in February, 1948, none in March, 1948, and seven days in April, 1948. These answers also disclose that defendant employed eight men on the 12th of January, 1948, eight men on the 22d of January, 1948, eight men on the 24th of February, 1948, nine men on February 25, 26 and 27, 1948, and eight men on April 22, 1948, and nine men on April 23, 1948. Each day of the remaining ninety-six days that his business was in operation the number of his employees was less than eight men. * * *

"It is a fact, as appears from the evidence in this case, that the defendant employed eight or more men on eight separate days during the four months' period of operations of his business as disclosed by the testimony in this case, but there is no testimony to the effect that the business in which the defendant was engaged was of such nature or character as required an increase in the number of employees at constant and recurring times. Neither is there any testimony that the business in which the defendant was engaged was of such nature or character as required at constant and recurring times the employment of extra employees, and it does not appear from the testimony that the mode or plan in the operation of defendant's business or the necessities thereof, required the employment of extra men."

Upon the basis of such finding of fact, the court applied what he considered to be the principle defined by this Court in the case of Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626, 630, and came to the conclusion that this defendant did not regularly employ as many as eight men within a reasonable period prior to the accident in question, and in reaching that conclusion used the language of that case in construing that Act to mean that it did not require a continuous employment of eight men in order to come within its terms, but that it did require as many as eight men to be employed either "constantly or on constantly recurring conditions of his business which required increase in the number of employees at recurring periods necessarily brought about by the nature and character of the business in which the employer was engaged." The trial court then quoted from that opinion as follows: " 'Regularly,' as used in the statute, refers to the question as to whether the occurrence is or is not in an established mode or plan in the operation of the business, and has not reference to the constancy of the occurrence."

Insofar as the finding of fact is concerned, as disclosed by the judgment of the trial court, we find it to be amply supported by the evidence and we concur in its application of those facts to section 263, Title 26, as amended, for the reasons stated by it. We do not think it is necessary to give any elaboration to that question but think that the quoted portion of the trial judge's finding is sufficient to that end.

The result is that such judgment is affirmed.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.