328 So.2d 605

**Edward Earl LaPOINT**

v.

**James BARTON.**

**Civ. 687.**

Court of Civil Appeals of Alabama.

March 10, 1976.

Huie, Fernambucq, Stewart & Smith, and Stanley A. Cash, Birmingham, for appellee.

HOLMES, Judge.

This is a workmen's compensation case. The Circuit Court of Jefferson County sitting without a jury found the issues in favor of the employer, James Barton. The employee, Edward Earl LaPoint, appeals from that judgment.

The issue which was before the learned trial judge and is now before this court is whether the employer regularly employed four or more employees, as is required by Tit. 26, § 262, Code of Ala. 1940, as amended. The trial court found the employer did not regularly employ four or more employees and therefore the employer did not come within the purview of the Workmen's Compensation Act.

The case comes to this court on the following stipulation of facts:

The employer owns and operates Barton Trucking Company, a sole proprietorship.

Barnett, Tingle & Noble, and Robert R. Sexton, and Mark B. Polson, Birmingham, for appellant.

In March of 1974, the employer entered into an agreement with Morgan Drive-Away, Inc., whereby he leased four tractor-trailer rigs to Morgan. The rigs were to be used as needed by Morgan Drive-Away, Inc. It was the policy of Morgan that the lessor of the rigs, the employer in this instance, was required to furnish drivers for the rigs. These drivers were required to execute affidavits indicating that they were employees of the lessor and not of Morgan. Appellee-employer furnished Morgan drivers for the rigs, one of whom was appellant LaPoint, and the necessary affidavits were executed.

On April 23, 1974, appellant LaPoint was injured while driving one of the aforementioned rigs leased by the employer to Morgan. He later brought suit for the recovery of workmen's compensation benefits.

There was testimony that the employer employed four truck drivers at the time appellant was injured, and that he had employed four drivers on occasion since the inception of the above mentioned lease agreement. There was also testimony to the contrary. The employment affidavit of appellant, described earlier, was not introduced into evidence, although it is not contended that he was not an employee at the time of his injury. Of the three employment affidavits pertinent here which were so introduced, the last one to be executed was made approximately one week prior to appellant's injury.

The trial judge, after hearing the cause *ore tenus*, in his final order found as follows:

"The testimony indicates, in the judgment of the trial Judge, that on the date of the accident there were four drivers who were employed by this Defendant, but it also appeared from the testimony that at least one of them had been but recently employed and accordingly the testimony which we had before us was entirely consistent with the affidavit of James C. Mathews, the accountant and bookkeeper [sic] of the Defendant.

"There is testimony that would justify the conclusion that occasionally (as demonstrated by the facts at the time of the accident) the Defendant employed more than three persons, but the whole of the testimony would not support the conclusion that he regularly employed four or more; and this latter conclusion would have to be supportable by the evidence before it could be found that this Defendant was under and subject to the Workmen's Compensation Act of Alabama. In truth the testimony requires a contrary conclusion.

"Accordingly, the Court herewith finds in behalf of the Defendant."

The employee prosecuted this appeal from the above judgment.

Title 26, § 262, Code of Ala. 1940, as amended, (1973 Cumulative Supplement), provides as follows in pertinent part:

"(d) The term 'employer' as used herein shall mean every person not excluded by section 263 of this title who employs another to perform a service for hire and to whom the 'employer' directly pays wages, and shall include any person or corporation, copartnership, or association, or group thereof, and shall, if the employer is insured, include his insurer, as far as applicable, and shall not include one who regularly employs a number less than four in any business; . . . ."

■ The disposition of this case is governed by the interpretation to be accorded the statutory term, "regularly employs."

The term does not mean constant employment of the requisite number of persons, but rather is a function of the frequency, regularity, and duration of the occurrences in which that number is employed. *Lingo v. Crews*, 253 Ala. 227, 43 So.2d 815; *Mobile Liners v. McConnell*, 220 Ala. 562, 126 So. 626; Larson, *The Law of Workmen's Compensation*, § 52.20. What is de-

cisive is the " . . . established mode or plan in the operation of the business. . . " *Mobile Liners v. McConnell, supra.*

■ It is clear that the findings of the lower court are conclusive on appeal if there is any legal evidence or reasonable inference therefrom in support of those findings. *Defense Ordinance Corp. v. England*, 52 Ala.App. 565, 295 So.2d 419. Bearing this proposition in mind, we find that the trial court did not err in its determination that the employer did not regularly employ four employees.

■ The criteria enunciated above in definition of the term "regular employment" indicate that the totality of circumstances concerning the employment practices of the business must be examined. This necessitates that regard must be had to the number of persons employed over a reasonable time. 99 C.J.S. *Workmen's Compensation* § 45.

■ Here, all we know concerning the business of Barton Trucking Company is what transpired during approximately one month in that business. During that month, the employer had been party to a contractual arrangement requiring him to furnish as needed four truckdrivers to Morgan Drive-Away, Inc. We do not know the regularity of the four drivers' employment.

The evidence in support of the trial court's finding is the testimony of the employer that he did not regularly employ four persons, the affidavit of the employer's bookkeeper consistent with the employer's testimony, and the affidavits of employment indicating that he had employed four persons for only one week at the time of the accident in question.

As such, where the only facts before us are as set out above, we are constrained to conclude that the trial court did not err to reversal in concluding that the appellee did not regularly employ four employees so as to bring him within the purview of the Workmen's Compensation Act. The last lease to Morgan Drive-Away, Inc., was executed on March 18, and appellant LaPoint was injured on April 23, As noted earlier, the last employment affidavit was executed approximately one week prior to the accident. We are not prepared to say, in view of the paucity of facts revealed by the record, that employment of four drivers for the final seven days of a thirty-six day period constitutes the regular employment required by Tit. 26, § 262(d), Code of Ala. 1940, as amended. The record is such that this court cannot reverse the trial court. Put another way, we cannot say the facts as revealed by the record indicate an "established mode or plan in the operation of the` business" whereby four are regularly employed within the meaning of the act.

■ It is appropriate here to note again that this court does not review the weight or preponderance of the evidence, but looks only to see if there is any evidence to sustain the findings of the trial court. *Avondale Mills, Inc. v. Tollison*, 52 Ala.App. 52, 289 So.2d 621.

So viewing, the case is accordingly due to be affirmed.

AFFIRMED.

WRIGHT, P. J., and BRADLEY, J., concur.