This is a child custody case.
The mother and father were divorced in 1976. The divorce was granted on answer and waiver and by agreement of the parties. Custody of the two year old female child was to be with the mother. Some few months after the divorce, the father petitioned the trial court for custody of the child. He alleged, among other things, that since the divorce the mother had been admitted and confined for a period of time in a state mental hospital.
After an ore tenus hearing, where numerous witnesses testified, the trial court modified the prior decree of divorce and awarded custody of the child to the father. The mother appeals, contending the trial court erred in its action in granting custody of the child to the father. We affirm.
We do not deem it necessary to set out in detail the facts as revealed by the record. Suffice it to say that viewing the evidence with the attendant presumption of correctness accorded the trial court's decision, the following is revealed.
There was evidence that after the decree of divorce, the mother was a patient in a mental hospital. Furthermore, there was evidence that the mother drank intoxicating beverages, took drugs, and had sexual relations outside marriage. There was also evidence that the mother did not properly care for the child; specifically, that the child's health was impaired as a result of the mother's neglect. Furthermore, there was testimony that the mother had been charged with a felony.
Additionally, there was evidence that since the divorce the father had become an active church member; that he had remarried and had a small child as a result of the marriage. The father's present wife specifically testified that she loved the minor child and would care for the child.
As noted earlier, we review judgments of this sort with a presumption of correctness. See Wambles v. Coppage, Ala.Civ.App., 333 So.2d 829 (1976); Snellings v. Snellings,272 Ala. 254, 130 So.2d 363 (1961). Furthermore, in this instance, the award of custody is a matter for the exercise of judicial discretion by the trial judge and this court will reverse only where the trial judge is plainly and palpably wrong. SeeParsons v. Parsons, Ala.Civ.App., 337 So.2d 765 (1976).
Clearly, as indicated from the above, we can find no such error. In addition to the above, the mother argues that this court is required to reverse the trial court in that the trial court made no findings *Page 927 
of fact. We know of no mandatory requirement that the trial court make findings of fact in a case of this nature. Absent such a statute, the court renders findings in its discretion. See 2 Lyons Alabama Practice, § 52.2 (1973).
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.