This is a teacher tenure case.
The dispositive issue on appeal is whether the teacher has continuing service status as a principal. Put another way, does the teacher have tenure as a principal. We find that the teacher is a tenured principal.
Two cases in this court involving the teacher have been consolidated for purposes of appeal. In one case, the teacher contends the school board and the Tenure Commission erred in failing to give the teacher a hearing prior to changing his status from principal to teacher. This appeal is Haas v.Madison County Board of Education and The Alabama State TenureCommission. In the other case, the board of education sought a declaratory judgment to determine whether or not the teacher had tenure as a principal. This case is styled for purposes of appeal as Madison County Board of Education v. Haas.
The trial court determined that the teacher did not have continuing service status *Page 875 
as a principal. The trial court further found, however, that the teacher had not been properly and timely notified that he was not to be assigned as a principal for the 1978-79 school year. In view of the trial court's finding that there was not timely notification, the trial court decreed that the teacher must be assigned as principal for the remainder of the school year and be paid, etc., for the entire year.
The teacher appeals from the decree finding the teacher did not have tenure and the school board appeals from the decision that the school board failed to properly notify the teacher.
The record reveals the following:
The teacher, who was already tenured as a teacher, served three continuous years as a principal with the Madison County School system. At the end of the third year an agreement was entered into between the Madison County Board of Education and the teacher. Under this agreement, the teacher was to begin a new three year probationary term as principal. The agreement further stipulated that the teacher would obtain continuing service status (tenure) as a principal only if he was re-employed as a principal at the end of this new probationary period.
At the end of the second year of the "probationary period," after the teacher had served five consecutive years as a principal, the board made a decision to terminate the teacher's employment as a principal and to assign him to a teaching position.
On May 31, 1978, the last day of the school term, the school board attempted to notify the teacher that he would not be re-employed as principal. However, such written notice was not received by the teacher until June, 1, 1978.
The teacher testified that he was under medication for a medical problem and was asleep at his apartment during the time the board was attempting to serve him on May 31. The teacher contends that he did not conceal himself to avoid service and did not in any way act improperly. The board disputed this, claiming the teacher deliberately avoided the notice.
The crucial and determinative issue before us is whether the teacher had acquired tenure as a principal. Clearly, if not for the agreement, he would have attained such status upon his re-employment for a fourth consecutive year. § 16-24-2, Code of Ala. 1975. Therefore, we must determine the authority of the board to enter into such a contract and the power of the teacher to waive his right to tenure in such a manner.
At the outset, we note both that the principal purpose of the Teacher Tenure Act, §§ 16-24-1, et seq., is to secure permanency in the teaching force and that it is designed so that teachers are its primary intended beneficiaries. StateTenure Commission v. Madison County Board of Education,282 Ala. 658, 213 So.2d 823 (1968). Being remedial in nature, the Act is to be liberally construed to serve this intent. State exrel. Zeanah v. Berger, 55 Ala. App. 246, 314 So.2d 700 (1975). Furthermore, the terms and provisions of the Act are to be read into all contracts entered into by school boards and teachers.Clark v. Beverly, 257 Ala. 484, 59 So.2d 810 (1952).
The teacher argues that these considerations can only lead to the conclusion that his agreement with the board was ineffectual as a waiver of his right to tenure upon employment as a principal for a fourth consecutive year.
We agree and would further hold that the board exceeded its authority in joining in the agreement. We so conclude because although there are no Alabama cases on point, we find that the better reasoned decisions of other jurisdictions hold such attempted waivers of the protection afforded by teacher tenure laws as ineffectual on public policy grounds. Similarly, these decisions hold that school boards are powerless to modify the terms of the applicable tenure laws.
Thus, in Carlson v. School District No. 6 of Maricopa County,12 Ariz. App. 179, 468 P.2d 944 (1970), it was held that the applicable tenure act set forth a statutory scheme designed to limit the power of a school *Page 876 
board to contract with its teachers for the following year. The court there concluded that the terms of any contract under the act are not to be confined to the provisions within the written document itself, but must include any pertinent statutory provisions in effect at the time the agreement was entered into.
The pertinent statutory provisions in the case at bar clearly contemplate but one way for a teacher (or principal) to gain tenure. Section 16-24-2 (a) mandates that upon reemployment for a fourth year, after three years consecutive service, the teacher "shall obtain continuing service status." (Emphasis supplied.)
Likewise, in Marzec v. Fremont County, School District No. 2,142 Colo. 83, 349 P.2d 699 (1960), the court said that where the length of the probationary period is fixed by the legislature, a school board is without authority to change it by contract or any other means.
There, as in Alabama, the statute called for a three year probationary period and granted tenure upon re-employment for a fourth year. The court concluded that the legislature had deemed three years to be a reasonable evaluation period for purposes of appraising the teacher's performance. The legislature having spoken, the court held that this period could not be shortened or waived by the board.
Logic compels the like conclusion that this period cannot be lengthened or waived by the teacher and/or the board. Once three consecutive years of service have been rendered, the teacher is to be either terminated or re-employed, thus gaining tenure. These are the only alternatives contemplated by our tenure law. They are therefore the only alternatives open to the involved parties.
Furthermore, in Boyd v. Collins, 11 N.Y.2d 228, 228 N.Y.S.2d 228,182 N.E.2d 610 (1962), the court refused to validate the purported waiver by a tenured teacher of her right to a hearing before dismissal. In holding that statutory tenure terms can be changed only by the legislature and never by a board of education, the court said that to sanction a waiver of these terms would violate the spirit and public purpose of the act which was to protect the school system by giving permanency to the jobs of experienced teachers. As indicated, our tenure law shares this purpose and philosophy. State Tenure Commission v.Madison County Board of Education, supra.
We are not unaware that the New York court has recently modified the rule in Boyd so that it no longer calls for an absolute rejection of any attempted waiver. Abramovich v. Boardof Education, 46 N.Y.2d 450, 414 N.Y.S.2d 109, 386 N.E.2d 1077
(1979). However, we conclude that, under the facts at bar, wherein the parties attempted to double the statutory probationary period, any attempted waiver must be rejected on public policy grounds.
In essence, the board here did not feel it wise to re-employ the principal for a fourth year and thus allow him to gain tenure as a principal. Desiring to "give him another chance," the agreement was worked out and entered into. By this action, no matter how well intentioned, the board and the teacher attempted to create their own public policy completely apart from the Teacher Tenure Act. They thus attempted to circumvent the purpose of the law. This cannot be allowed. Sherman v.Board of Trustees of Siskiyou Union High School, 9 Cal.App.2d 262, 49 P.2d 350 (Calif. 1935).
In view of the above, since the teacher has served the requisite four consecutive years, it necessarily follows that he is a tenured principal.
We now turn to the board's contention that it made every possible effort to serve notice on the teacher of its intention to terminate him as a principal as required by the Teacher Tenure Act. There was evidence that the board attempted to reach the teacher personally at his school and at his apartment on numerous occasions on the day in question. There was also evidence that the board attempted to discover the teacher's whereabouts by calling his doctor and others. *Page 877 
The board further contends that the conduct of the teacher was tantamount to concealment and that the board was prevented from serving the teacher because of the teacher's actions. The board would have this court hold as a matter of law that the actions of the teacher excused the statutory notice condition such that the teacher was not deemed re-employed for the succeeding school year as principal.
Section 16-24-12, Code of Ala. 1975, in pertinent part states as follows:
 Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given to said teacher on or before the last day of the term of the school in which the teacher is employed. . . .
In order to comply with § 16-24-12, the board must show that notice was given to the teacher before the end of the school term. Strickland v. Berger, Ala., 336 So.2d 176 (1976).
In the instant case, where there were irreconcilable conflicts in the evidence, the function of believing one party and disbelieving the other was that of the trier of fact.Greater Friendship A.M.E. Church v. Spann, Ala., 336 So.2d 1087
(1976).
This court will not weigh evidence as to any fact found by the trial court, but looks only to see if there is any evidence to sustain the findings of the trial court. La-Point v. Barton,57 Ala. App. 352, 328 So.2d 605 (1976).
In this instance, the trial court could have concluded from the evidence that the teacher was not notified as required by §16-24-12, based upon the testimony of the teacher that he was ill and asleep during the period in which the board attempted to serve notice and the fact that written notice was not received by the teacher until June 1, 1978.
The trial court's determination that the teacher was not properly notified by the board of its decision not to re-employ the teacher as principal is affirmed.
Summarily, in Madison County Board of Education v. Haas, the trial court's holding that the teacher was not given timely notice is affirmed while we reverse its decision that the teacher was not a tenured principal.
In view of our decision that the teacher is a tenured principal, it necessarily follows that the case of Haas v.Alabama State Tenure Commission is due to be reversed. Having held that the teacher is tenured as a principal, clearly the board could not change his status without benefit of a hearing and compliance with other appropriate statutory provisions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF JUDGMENTS NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.