HOLMES, Judge.
This is a child custody case.
The trial court divorced the parties on the ground of incompatibility and awarded custody of their two minor children to the father. The mother appeals from the custody award and we affirm.
There are two issues on appeal: (1) whether the trial court abused its discretion in awarding custody of the children to the father; and (2) whether certain of the court’s findings of fact are unsupported by the evidence.
The record in this case was prepared by the trial judge, pursuant to rule 10(d) of the Alabama Rules of Appellate Procedure. The record is not a paragon of clarity. However, the record and the briefs on appeal reveal the following:
*1024 The parties were married for approximately thirteen years. They have two daughters, Elaine, age seven, and Ashley, age six.
The mother in this case has had some emotional difficulties. She testified that she was treated by several psychiatrists in 1978 and 1979. At one time, she took large amounts of medication as treatment for her psychiatric problems. She also spent about a month in a hospital undergoing treatment for depression in 1979.
There is evidence in the record of some indiscretions on the mother’s part. We do not deem it necessary to discuss them in detail. Suffice it to say that the mother had a male friend from out of town who visited her several times in 1978 and 1979. In fact, he visited in the parties’ home on at least one occasion while the father was hospitalized.
The father in this case is employed as a pipefitter at U.S. Steel Corporation, where he has been employed for fifteen years. He is also a member of the Alabama National Guard. There is no evidence to suggest that he is not a fit and proper person to have custody of the two children.
I
As stated above, the first issue on appeal is whether the trial court abused its discretion in awarding custody of the children to the father.
Child custody is a matter addressed to the discretion of the divorce court. Dasinger v. Dasinger, 369 So.2d 813 (Ala.Civ.App.1979). The exercise of that discretion will not be reversed except for abuse or plain error. Rohrer v. Rohrer, 373 So.2d 331 (Ala.Civ.App.1979).
As we have often stated, the supreme concern in a child custody dispute is the best interest of the child. Ashley v. Ashley, 383 So.2d 861 (Ala.Civ.App.1980). Although the sex and age of the child are matters to be considered in determining the best interest of the child, the weight to be given such facts in each case is for the discretion of the trial judge.[1] Jenkins v. Jenkins, 376 So.2d 1099 (Ala.Civ.App.), cert. denied, 376 So.2d 1101 (Ala.1979).
Another factor to be considered is the emotional and mental health of the mother. See, Quinn v. Quinn, 351 So.2d 925 (Ala.Civ.App.1977). It is not an abuse of discretion to award custody of a child to the father where the mother has a well established history of emotional difficulties. Marr v. Marr, 383 So.2d 194 (Ala.Civ.App.1980).
The mother in this case has been treated by psychiatrists at least since 1978. She has taken large does of medication as treatment for her condition, and has even spent a month hospitalized for treatment of depression.
In view of the above, with particular emphasis on the mother’s history of mental and emotional difficulties, we cannot say that the trial court abused its discretion in awarding custody of the children to the father.
II
We note that the mother, through counsel, also alleges error on the part of the trial judge with regard to two of his findings of fact. The mother contends that the following findings are unsupported by the evidence: (1) that the mother intended to remove the children from Alabama; and (2) that such removal would not be in the best interest of the children.
The findings of the trial court are conclusive on appeal if there is any legal evidence or reasonable inference therefrom in support of those findings. LaPoint v. Barton, 57 Ala.App. 352, 328 So.2d 605 (1976). Both of the findings contested by the mother are supported by the evidence.
As stated above, the mother contends that the trial judge erred in finding the *1025 mother intended to remove the children from Alabama. We disagree. The record clearly reflects the mother’s testimony that she intended to return to South Carolina when the divorce decree became final, regardless of which party was given custody. Based on that testimony, the court could have concluded, as it apparently did, that the wife intended to take the children to South Carolina with her if she were awarded custody.
The mother also contends that the court erred in finding that removing the children from Alabama would not be in their best interest. As stated above, one factor to be considered in a child custody case is the emotional and mental health of the mother. Quinn, supra; Marr, supra. The evidence in this case shows that the mother has had emotional difficulties for at least several years. In addition, the mother had testified that she planned to leave Alabama when the divorce became final. Based on that evidence, the trial court could have concluded, as it apparently did, that the mother planned to leave Alabama and that it would not be in the best interest of her children to allow the mother to take them with her.
In discussing the second issue as presented by the mother, this court should not be understood as suggesting that even if the “findings” were unsupported by the evidence, reversal would be required.
As indicated, the evidence supports the trial court’s conclusion that the best interests of the children are served by awarding custody to the husband. Hence, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. The “tender years” doctrine is no longer a controlling factor in the determination of custody. See, Devine v. Devine, 398 So.2d 697 (Ala.1981). However, as we read the Devine case, the “best interest” standard still applies.