HOLMES, Judge.
This is a child custody case.
The trial court, after an ore terms hearing, modified a prior decree of divorce by awarding custody of the parties’ minor child to the father.
The mother, through able counsel who has favored this court with an excellent brief, appeals and we affirm.
The dispositive issue on appeal is whether the trial court so abused its discretion in awarding custody of the child to the father as to require reversal. As indicated, we find no such abuse of discretion.
We do not deem it necessary to set out in detail the facts. Suffice it to say that viewing the evidence with the attendant presumption of correctness accorded the trial court’s decision, the following is revealed.
We note at this point that while much of the pertinent evidence is not in dispute, the import of such facts could well be “disputed.”
The parties were divorced in 1979. Custody of the parties’ now five-year-old child was awarded to the mother. Shortly after the divorce, the mother began a relationship with a married man. In part because of this relationship, the mother on the ninth day of January 1983, consumed several beers and a bottle of wine. In addition, the mother took an overdose of a drug.
The alcohol consumption and drug overdose was done in the “presence” of the child and while only the child and the mother were present. There is some evidence that the child became upset because of the above occurrence.
The mother, as a result of the above, was admitted to a local hospital and later to a hospital apparently specializing in alcohol and drug abuse, to wit, Charter Woods. While at Charter Woods for a period in excess of two weeks, the mother was treated by a psychiatrist.
The psychiatrist testified that the mother was suffering from reactive depression and that her prognosis was good. Additionally, the doctor testified there was a possibility of another “drug incident,” etc., but that was not likely.
The father has since the divorce remarried. The father’s present wife testified she wanted the child and would treat the child as her own.
The trial court, after the January incident, granted temporary custody to the father. In fact, the mother admitted that temporary custody should be placed with the father, but denied that there was such a change of circumstances to warrant a permanent change of custody.
As indicated earlier, we review judgments of this sort with a presumption of correctness. See Quinn v. Quinn, 351 So.2d 925 (Ala.Civ.App.1977), and cases cited therein. Furthermore, in this instance, the award of custody is a matter for the exercise of judicial discretion by the trial judge and this court will reverse only where the trial judge is plainly and palpa *316 bly wrong. Quinn v. Quinn, 351 So.2d 925 (Ala.Civ.App.1977).
As seen from the above, the trial court was confronted with a difficult decision. While the mother appears to be progressing with her “problem,” the fact remains she did take a drug overdose while alone with the child, and further, has some psychiatric problems. See Quinn v. Quinn, 351 So.2d 925 (Ala.Civ.App.1977). In addition, there was evidence of involvement with a married man.
In view of the above, for this court to reverse the trial court would be to substitute our judgment for that of the trial court. This the law does not permit. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980).
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.