THIGPEN, Judge.
This is a workmen’s compensation case.
In February 1991, Dave Martin, a part-time attorney for Lawrence County, Alabama (county), filed a complaint against the county, alleging that he was acting in the line and scope of his employment when he was involved in an automobile accident in February 1989. Martin requested the payment of medical expenses and workmen’s compensation benefits for injuries he sustained in the accident.
The county filed a motion to dismiss and a motion for summary judgment, alleging that Martin was not an employee of the county, but an independent contractor and was not entitled to workmen’s compensation benefits. Martin filed a motion for summary judgment, alleging that he was an employee. After a hearing on the motions, the trial court found that Martin was an employee of the county and it set the case for trial. The county’s subsequent motion for summary judgment or, in the alternative, motion for reconsideration of its initial motion for summary judgment was denied.
After ore tenus proceedings, the trial court found that Martin was an employee of the county on the date of his accident, but that he was not entitled to workmen’s compensa *654 tion benefits because, “at the time of the accident, [Martin] was engaged in activities well outside the line and scope” of his employment. Additionally, for purposes’ of health insurance, the trial court found that Martin, as an employee of the county, was clearly covered by the county employees’ health insurance policy, and that the health insurance plan of the Association of County Commissions of Alabama (ACC) was obligated to pay his medical expenses. Martin’s post-judgment motion was denied and he appeals. The county cross-appeals.
Although numerous issues were raised by the parties, the dispositive issue on appeal appears to be whether the trial court erred by holding that Martin was an employee of the county rather than an independent contractor. Although the trial court reached the correct result, we would reach the same result for different reasons. A correct result will not be disturbed even if the trial court gives the wrong reason. Boykin v. Magnolia Bay, Inc., 570 So.2d 639 (Ala.1990).
At the outset, we note that appellate review in workmen’s compensation cases is a two-step process whereby we first look to see if there is any legal evidence to support the trial court’s findings, and, if there is, whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). In ore tenus cases like the instant ease, however, this review is applicable only to the trial court’s findings of fact and not its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1998).
It is the reserved right of control rather than the actual exercise of control that determines whether the relationship is that of an employer-employee or an independent contractor. Turnipseed v. McCafferty, 521 So.2d 31 (Ala.Civ.App.1987). In Tumipseed, this court stated:
“An employer-employee relationship is not established if the right of control does not extend any farther than directing what is to be ultimately accomplished. But if an individual retains the right to direct the manner in which the task is to be done or if that individual does in fact dictate the manner of operation, then an employer-employee relationship is established.
“Certain factors which demonstrate a right to control include (1) direct evidence which demonstrates a right or exercise of control, (2) the method by which the individual receives payment for his services, [3] whether equipment is furnished or not, and (4) whether the individual has the right to terminate.”
Tumipseed at 32-33. (Citations omitted.)
In this case, testimony revealed that Martin, a practicing attorney, has been the county’s attorney on a part-time basis since 1979. Martin testified that approximately 25 percent of his legal practice is devoted to the county, attending county commission meetings, and remaining available to represent and advise county officials on legal matters. He testified that the county does not set his hours, that he is not on the county payroll, and that the county withholds no taxes from his compensation. The record further reveals that the heading on Martin’s invoices to the county read, “D.L. Martin, Attorney at Law.” Martin also testified that the county does not provide him with a vehicle, except occasionally when he accompanies commission members to out-of-town engagements; that it does not provide him with office space, supplies, or equipment; and that he has exclusive control over his only employee. The administrator for the Lawrence County Commission testified that the county commission does not reserve control over the details of Martin’s legal work and does not instruct him how to perform his duties as a legal representative. Martin also testified that he lists the county commission as one of his representative clients in the Martindale-Hubbell Law Directory (1989).
Based upon the foregoing, we find that Martin is an independent contractor for the county, and, therefore, he is not entitled to workmen’s compensation benefits.
The trial court also determined that for purposes of health insurance, Martin was covered by the county’s health insurance policy, and that the ACC’s health insurance plan was obligated to pay Martin’s medical expenses. We agree.
*655 Martin testified that in 1984 he agreed with the county to deduct two hours of billable time per month from his bill to the county in exchange for coverage under the county’s health insurance benefit plan. Although the plan’s benefit booklet lists “county attorney” as an “eligible employee” for the plan, testimony revealed that county attorneys were not intended, by that designation, to be considered as county employees for workmen’s compensation benefits.
Martin’s argument that he is an employee for workmen’s compensation purposes because he is considered an employee for purposes of the county health insurance plan is unpersuasive. The health insurance coverage is merely a contractual benefit which Martin received associated to his relationship with the county, and it is not in contravention of Ala.Code 1975, § 11-91-1 et seq. Therefore, the trial court correctly held that Martin is entitled to payment of the medical expenses, pursuant to the policy.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.