THIGPEN, Judge.
This is a workers’ compensation case involving a summary judgment favoring a general contractor.
In April 1993, Moman Tulon Wheeler filed a complaint seeking workers’ compensation benefits, alleging that in February 1993, while he was working on a construction site, he had fallen from a scaffolding, seriously injuring his neck and back. Wheeler sued the general contractor, Terry Wright, d/b/a Wright Construction Company, also referred to in the pleadings as Terry Wright Builders (Wright), and others, for damages based on injuries resulting from the accident. Wheeler’s wife, Bessy, joined the action, claiming, among other things, a loss of consortium; however, we pretermit a discussion of her claims. Wright answered and defended by asserting that Wheeler was not his employee, *781 but rather was an employee of the subcontractors, Jeff Richardson and Joey Woodum, d/b/a J & J Construction. The record discloses that neither the general contractor nor the subcontractors had workers’ compensation insurance.
In May 1994, Wright filed a motion for summary judgment, with supporting documents, including the depositions of Woodum, Richardson, and Wheeler. Wheeler opposed that motion with a narrative summary, a copy of the construction contract, excerpts of the Occupational Safety and Health Administration (OSHA) regulations, and depositions. In September 1994, the trial court entered a summary judgment for Wright, which it made final pursuant to Rule 54(b), A.R.Civ.P. Wheeler appealed to the Supreme Court; however, the case was transferred to this court pursuant to Ala.Code 1975, § 12-3-10.
A summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. The moving party bears the burden of negating the existence of a genuine issue of material fact and showing that it is entitled to a judgment as a matter of law. Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989). Furthermore, our Supreme Court has written:
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted). Also, no presumption of correctness attaches to the trial court’s decision, and our review is de novo. See Lacey v. American Shell Co., 628 So.2d 684 (Ala.Civ.App.1993).
Wheeler first contends that there was a genuine issue of material fact as to whether Wright was his employer, and that that issue of fact precluded a summary judgment. Wright argues that Wheeler was not his employee. All testimony in this matter was by deposition. Wheeler testified that he was paid in cash by Richardson, that Richardson and Woodum told him what to do and when, that Richardson and Woodum provided him the equipment for his job, and that Wright did not exercise control over his work. Woo-dum testified that he controlled Wheeler’s employment, and that Wheeler was not Wright’s employee. Wright testified that he had no authority to fire Wheeler, because Wheeler was an employee of his subcontractor and not Wright’s employee. Richardson testified that he and Woodum were subcontractors, and that Wheeler was not Wright’s employee. Wright further testified that, according to their verbal contract, he provided the materials, but not the equipment. Woo-dum testified that he and Richardson, in fact, furnished all the necessary tools and equipment.
In determining whether an individual is an employee or an independent contractor of another, it is the reservation of the right of control by the other, rather than the actual exercise of control, that is the true test. Martin v. Lawrence County, 628 So.2d 652 (Ala.Civ.App.1993). Factors demonstrating the right of control include: (1) direct evidence of a right or exercise of control, (2) the method of payment for services, (3) whether equipment is furnished, and (4) whether the other has the right to terminate the employment. Martin, supra. The record evidence, viewed in a light most favorable to Wheeler, discloses that Wheeler was an employee of the subcontractor, not of Wright, the general contractor. Therefore, Wright, the general contractor, was under no duty to provide workers’ compensation coverage for Wheeler.
Wheeler next contends that issues of material fact exist as to whether Wright exercised control over the job site and over the manner in which work was to be done, or reserved that right, and whether he undertook to inspect and to provide safety on the job site. *782 Our Supreme Court stated the following regarding cases where a subcontractor’s injured employee has sought to charge the general contractor with the duty of providing a safe workplace:
“[We] have required that the plaintiff prove that the defendant exercised control over the jobsite and control over the manner in which the work was to be done, and prove either that the work was intrinsically dangerous or that the defendant had undertaken to provide safety on the jobsite. In many cases, defendants have proven by competent evidence either that they had no control over the job site or that they had no control over the manner in which the work was performed. In those cases, we have consistently refused to permit a finding of liability.”
Procter & Gamble Co. v. Staples, 551 So.2d 949, 953 (Ala.1989) (citations omitted).
Woodum testified that Wright did not have any control over the subcontractors or their workers. Woodum also testified that Wright never told him how to lay blocks, and that Wright had nothing to do with setting up or taking down the scaffolding. Woodum stated that his father owned the scaffolding. Richardson testified:
“Q. Was there anybody on that project designated to make sure all the equipment was in good working order?
“A. Well, I did sometimes and Joey [Woodum] did sometimes.
“Q. What would y’all usually do? How would you—
“A. We would just, you know, look and see if it looked safe or not.”
Wright testified that he did not inspect the scaffolding, and that it was not his habit to go around and check the equipment. Wright further testified:
“Q. When you last saw [the scaffolding], what was the reason for you to be looking at it?
“A. I was just on the job site, and I knew the scaffolding was there. I did not observe it, but I knew it was on site.
“Q. Is it your testimony you were not inspecting the scaffolding for safety defects?
“A. That’s right.”
In a similar case in which an independent contractor’s employee claimed that the general contractor was liable for negligent inspection of the construction site, our Supreme Court affirmed a summary judgment for the general contractor where the evidence reflected that the general contractor did not undertake a duty to inspect, or, in fact, inspect, equipment that was provided, assembled, and used by the independent subcontractor. See Hurst v. Wallace Construction Co., 603 So.2d 985 (Ala.1992).
Wheeler’s final contention is that Wright owed a nondelegable duty to provide him with a reasonably safe place to work. He argues that the contract between the homeowners and Wright created a nondele-gable duty to furnish all labor, materials, and equipment necessary for the construction of the house. The contract states, however, that Wright “does hereby agree that he will furnish or cause to be furnished and will pay for all labor, materials and equipment necessary to build and complete a dwelling house” and “amounts due any subcontractor”; this language indicates that Wright anticipated using subcontractors, to whom he could delegate duties, to construct the house. To support his contention that a general contractor cannot shield himself from liability by hiring a subcontractor to perform his duty, Wheeler cites Knight v. Burns, Kirkley & Williams Construction Co., 331 So.2d 651 (Ala.1976), which is distinguishable from this case and need not be addressed in detail here.
Generally, the liability of a general contractor does not extend to an independent contractor’s employee who suffers an injury, where the general contractor did not retain control or possession of the work site and where there is no showing that the work performed was an abnormally or intrinsically dangerous activity and no provision in the contract existed to make the general contractor’s duties nondelegable. Elder v. E.I. DuPont De Nemours & Co., 479 So.2d 1243 (Ala.1985). The testimony clearly indicates that the scaffolding that collapsed was not owned by Wright and that he did not have anything to do with its assembly. Further, *783 Wright’s testimony was that he did not undertake any duty to inspect the subcontractor’s equipment for safety defects.
After the moving party makes a pri-ma facie showing that no genuine issue of material fact exists, the burden of going forward with the evidence shifts to the nonmov-ing party, who must produce substantial evidence in opposition to the motion. Hope v. Brannan, 557 So.2d 1208 (Ala.1989). After the burden shifted, Wheeler simply failed to produce substantial evidence in opposition to the motion for summary judgment.
For the foregoing reasons, summary judgment in favor of Wright was proper, and the decision of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.