ROBERTSON, Presiding Judge.
On February 4, 1999, Barbara Gordon sued the West Weaver Baptist Church (“the Church”), alleging that she had been injured during the course of her employment by the Church and seeking workers’ compensation benefits. The Church moved for a summary judgment on June 23, 1999. After various filings were submitted regarding the Church’s motion, the court entered a summary judgment for the Church on November 2, 1999.
In pertinent part, the summary judgment stated:
“The above styled cause came before the Court on July 20, 1999. The attorneys for both parties appeared and presented oral arguments before the Court regarding the pending Summary Judgment Motion filed by [the Church], On November 2, 1999, [Gordon] filed an additional affidavit and additional written arguments which have also been considered by the Court. The Court takes judicial notice that the exhibit attached to [Gordon’s] November 2, 1999, supplement has been previously objected to as irrelevant, and that said objection was sustained, and that said exhibit was not considered by the Court. Upon consideration of all relevant evidence presented to the Court,
“It is hereby ordered, adjudged, and decreed as follows:
“The Court finds that [the Church] regularly employed less than five persons at the time of [Gordon’s] injury, and that, therefore, [the Church] is not covered by the Alabama Workers’ Compensation Act.”
On November 30, 1999, Gordon moved to vacate the summary judgment; the trial court denied her motion on December 14, 1999.
Gordon appeals, arguing (1) that the trial court erred in determining that the Church employed fewer than five persons and (2) that the trial court erred in concluding that Nancy Humphrey was an in *736 dependent contractor in performing her services for the Church.
Our standard for reviewing a summary judgment is settled:
“A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R.Civ.P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required.”
Sizemore v. Owner-Operator Indep. Drivers Ass’n, Inc., 671 So.2d 674, 675 (Ala.Civ.App.1995) (citations omitted). Moreover, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). No presumption of correctness attaches to a summary judgment, and our review is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)).
The Church hired Gordon in 1995 as a custodian. When Gordon was hired as the Church’s custodian, the Church was also paying for services from a pastor, a music director, a pianist, an organist, and a youth director. Nancy Humphrey affirmed that she played the piano for the Church as an independent contractor at the time Gordon was hired; she testified that she was paid by the Church only when she came to a service and played the piano. Humphrey also affirmed that she was not under the supervision or control of any individual at the Church.
Diane Price presented an affidavit affirming that she was a volunteer bookkeeper for the Church and stating that during 1997 Nancy Humphrey, Regina Tubbs (who played the organ), and John Boss (who worked with church members’ children, apparently as youth director) had received payment from the Church as independent contractors. United States Internal Revenue Service W-2 forms for Joey Bonds,[1] Gordon, Humphrey, Tubbs, and Boss were attached to the Church’s summary-judgment motion. These forms showed amounts paid to those individuals by the Church without any deduction for federal or state income taxes.
Gordon was injured when she slipped and fell while she was stripping a floor at the Church in 1997. Gordon stated in her affidavit that she was an employee-at-will of the Church and that she believed that the other persons who provided services to the Church were similarly employed. She stated that she was not aware that the Church paid for the services of any person as an independent contractor. In a supplemental affidavit, Gordon stated that the music director had ceased working for the Church before Gordon was injured. The record also shows that the exhibit referred to in the trial court’s summary-judgment order was a financial statement of the Church dated January 1999. This financial statement shows budgeted salaries for a pastor, a music director, a pianist, an organist, a youth director, and a custodian. However, the financial statement also shows that no actual salary payments were made for an organist or for a youth director.
Gordon’s arguments in this appeal resolve to a single contention — that the trial *737 court erred by concluding that the Alabama Workers’ Compensation Act did not apply to the Church because the Church employed fewer than five persons.
In pertinent part, § 25-5-50(a), Ala. Code 1975, provides:
“This article and Article 2 of this chapter shall not be construed or held to apply to ... an employer who regularly employs less than five employees in any one business.... ”
The evidence shows that at the time of Gordon’s injury, the Church was receiving the services of a pastor, a pianist, an organist, a youth director, and a custodian. Both the bookkeeper, Price, and the pianist, Humphrey, indicated that Humphrey performed her work for the Church as an independent contractor; Humphrey specifically stated that the Church had no right of control over when she played the piano for the Church. Whether a person is viewed as an employee or as an independent contractor turns on whether the alleged employer has reserved a right to control the person’s actions. Wheeler v. Wright, 668 So.2d 779 (Ala.Civ.App.1995); Martin v. Lawrence County, 628 So.2d 652 (Ala.Civ.App.1998). The evidence is undisputed that the Church reserved no right of control over Humphrey’s work as a pianist. We conclude, therefore, that the trial court correctly determined that the Church was employing fewer than five persons at the time of Gordon’s injury.
However, the conclusion that the Church was employing fewer than five persons at the time of Gordon’s injury is not dispositive of the issue whether § 25-5-50 bars Gordon’s claim for workers’ compensation benefits. Section 25-5-50 exempts an employer who “regularly employs” fewer than five persons. The meaning of the term “regularly employs,” in the context of § 25-5-50, was discussed by this court in LaPoint v. Barton, 57 Ala.App. 352, 328 So.2d 605 (Ala.Civ.App.1976):
“The term does not mean constant employment of the requisite number of persons, but rather is a function of the frequency, regularity, and duration of the occurrences in which that number is employed. Lingo v. Crews, 253 Ala. 227, 43 So.2d 815; Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626; Larson, The Law of Workmen’s Compensation, § 52.20. What is decisive is the ‘... established mode or plan in the operation of the business.... ’ Mobile Liners v. McConnell, supra.”
57 Ala.App. at 354-55, 328 So.2d at 607.
The record shows that the operation of the Church envisioned payment for services in six different jobs: those of pastor, music director, pianist, organist, youth director, and custodian. The record also supports the conclusion that the Church compensated persons for their services in at least five of those positions at the time of Gordon’s injury. Although Humphrey’s affidavit does present evidence to support the conclusion that she was an independent contractor for the Church at the time of Gordon’s injury, there is no comparable evidence in the record to support that conclusion with respect to any other person who provided services to the Church. The only indication that any other person who provided services to the Church might have worked as an independent contractor was Price’s assertion in her affidavit that Tubbs and Boss received compensation as independent contractors. Unlike the evidence concerning Humphrey, Price’s assertion that Tubbs and Boss were independent contractors is not supported by any evidence regarding the Church’s control, or lack thereof, over the work performed by Tubbs and Boss. Such evidence is inadequate to establish that Tubbs and Boss were independent contractors as a matter of law. Wheeler, supra.
Thus, viewing the evidence in a light most favorable to Gordon, Long, supra, we find in the record evidence to support the conclusion that the Church compensated persons who provided services as pastor, *738 music director, pianist, organist, youth director, and custodian. Of these six positions in the Church, the position of pianist was held by Humphrey, who worked as an independent contractor. Although there is also evidence indicating that at least one of the other positions was not occupied at the time of Gordon’s injury, there is no evidence indicating that the Church did not regularly employ a person in each of the remaining five positions. LaPoint, supra. Moreover, the record does not contain substantial evidence indicating that any of the persons other than Humphrey who provided services to the Church worked as independent contractors.
Accordingly, we conclude that a genuine issue of material fact remains concerning whether the Church regularly employed fewer than five persons, within the meaning of LaPoint and Wheeler. Because there is a genuine issue of material fact concerning the applicability of § 25-5-50, the summary judgment was inappropriate. Sizemore, supra. That summary judgment is therefore reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.

. Although it is not explicitly stated in the record, we infer that Bonds was employed by the Church as its pastor,